UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                      Case No. 3:20-cr-84

         Plaintiff,

      v.                                          MEMORANDUM OPINION
                                                          AND ORDER

Leonel Vargas-Samano,

         Defendant.

Defendant Leonel Vargas-Samano seeks an order dismissing the indictment against him. (Doc. No. 6). The government opposes Vargas-Samano's motion. (Doc. No. 7). For the reasons stated below, I deny Vargas-Samano's motion.

### I.     BACKGROUND

On February 5, 2020, Vargas-Samano was indicted for illegally reentering the United States, in violation 8 U.S.C. § 1326. The indictment alleges he previously was removed from the United States in September 2002. Vargas-Samano argues the present indictment must be dismissed because his previous removal was the result of an invalid state-court conviction. (Doc. No. 6).

On August 18, 2002, Vargas-Samano was arrested in Bronson Township, Ohio, and charged with knowingly providing a false statement to a law enforcement officer with the intent to mislead, assault, and domestic violence. (Doc. No. 6-2 at 1-3). On August 28, 2002, he pled no contest to the domestic violence and falsification charges and was sentenced to 90 days in jail, with 80 days

suspended, and 2 years of post-release control. (Doc. No. 6-1 at 4; Doc. No. 6-2 at 4-5). Vargas-Samano was given credit for time served. (Doc. No. 6-1 at 4).

The following day, Vargas-Samano waived his right to a hearing and stipulated to his removal from the United States. (Doc. No. 7-3). He was ordered removed from the United States on September 5, 2002.

## II. DISCUSSION

Vargas-Samano asserts Ohio law required he be advised, prior to entering his no-contest plea, that his conviction on the offenses with which he was charged could result in deportation and that the state court record does not reflect this requirement was satisfied. (Doc. No. 6 at 3-4). Vargas-Samano also asserts Ohio law requires a court to permit a defendant to withdraw the defendant's no-contest plea if the trial court did not ensure the defendant received the statutorily-required advice. *See* Ohio Rev. Code § 2943.031(D). The government does not dispute any of these assertions.

The government does dispute, however, that the deficiencies in Vargas-Samano's state court proceedings have any impact on the validity of his 2002 removal from the United States. I agree and deny Vargas-Samano's motion.

Vargas-Samano fails to demonstrate that the temporal proximity of his state-court convictions equates to a causal connection between those convictions and his removal. That is, while the government likely became aware Vargas-Samano was in the United States illegally because of his <u>arrest</u>, Vargas-Samano cannot show he was removed because of his <u>conviction</u>. Instead, the record indicates Vargas-Samano was removed because he entered the United States other than following inspection by an Immigration Officer or at a time and place as designated by the Attorney General of the United States. (Doc. No. 7-2 at 2).

Therefore, the presumptive invalidity of Vargas-Samano's state-court convictions does not undermine the validity of his earlier removal, which was predicated on his unauthorized entry into the United States and not his misdemeanor convictions. I conclude the indictment contains a plain and definite written statement of the essential facts which, if proven, "would establish prima facie the defendant's commission of that crime." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (quotation marks and citation omitted); Fed. R. Crim. P. 7(c)(1).

### III.   CONCLUSION

For the reasons stated above, I deny Vargas-Samano's motion to dismiss the indictment. (Doc. No. 6).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge